The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR18-5273BHS |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| SEAN D. SULLIVAN, | |
| Defendant. | |

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Matthew P. Hampton, Assistant United States Attorney for said District, Defendant SEAN D. SULLIVAN, and Defendant's attorney, Phil Brennan, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A), (B).

1.      **The Charges.**  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charges contained in the Indictment:  Possession of Child Pornography, as charged in Counts 2 and 3, in violation of Title 18, United States Code, Section 2252(a)(4)(B), (b)(2).

Plea Agreement - 1
*U.S. v. Sullivan*, CR18-5273BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

The government agrees to dismiss any remaining counts at the time of sentencing.

2. **Elements of the Offenses**. The elements of the offenses to which Defendant is pleading guilty, Possession of Child Pornography, as charged in Counts 2 and 3, are as follows:

*First*, the defendant knowingly possessed matter that the defendant knew contained visual depictions of minors engaged in sexually explicit conduct;

*Second*, the defendant knew each visual depiction contained in the matter was of minors engaged in sexually explicit conduct;

*Third*, the defendant knew that production of such visual depictions involved the use of a minor engaged in sexually explicit conduct; and

*Fourth,* each visual depiction had been either transported in interstate or foreign commerce, or produced using material that had been transported in interstate or foreign commerce by computer or other means.

3. **The Penalties**. Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

a. For the offense of Possession of Child Pornography, as charged in Counts 2 and 3: A maximum term of imprisonment of up to 10 years, a fine of up to $250,000, a period of supervision following release from prison of not less than 5 years and up to life, a mandatory special assessment of $100, and a $5,000.00 penalty assessment unless the defendant is indigent. If a probationary sentence is imposed, the probation period can be for up to five (5) years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and

Plea Agreement - 2
*U.S. v. Sullivan*, CR18-5273BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Defendant violates one or more of the conditions or requirements, Defendant could be
2  returned to prison for all or part of the term of supervised release that was originally
3  imposed.  This could result in Defendant serving a total term of imprisonment greater
4  than the statutory maximum stated above.

5      Defendant understands that as a part of any sentence, in addition to any term of
6  imprisonment and/or fine that is imposed, the Court may order Defendant to pay
7  restitution to any victim of the offenses to which he is pleading guilty.

8      Defendant further understands that the consequences of pleading guilty may
9  include the forfeiture of certain property, either as a part of the sentence imposed by the
10 Court, or as a result of civil judicial or administrative process.

11     Defendant agrees that any monetary penalty the Court imposes, including the
12 special assessment, fine, costs, or restitution, is due and payable immediately and further
13 agrees to submit a completed Financial Statement of Debtor form as requested by the
14 United States Attorney's Office.

15     4.      **Immigration Consequences**.  Defendant recognizes that pleading guilty
16 may have consequences with respect to Defendant's immigration status if Defendant is
17 not a citizen of the United States.  Under federal law, a broad range of crimes are grounds
18 for removal, and some offenses make removal from the United States presumptively
19 mandatory.  Removal and other immigration consequences are the subject of a separate
20 proceeding, and Defendant understands that no one, including Defendant's attorney and
21 the Court, can predict with certainty the effect of a guilty plea on immigration status.
22 Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any
23 immigration consequences that Defendant's guilty plea may entail, even if the
24 consequence is Defendant's mandatory removal from the United States.

25     5.      **Rights Waived by Pleading Guilty.**  Defendant understands that by
26 pleading guilty, Defendant knowingly and voluntarily waives the following rights:

27          a.      The right to plead not guilty and to persist in a plea of not guilty;

28

Plea Agreement - 3
*U.S. v. Sullivan*, CR18-5273BHS

b.      The right to a speedy and public trial before a jury of Defendant's peers;

c.      The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d.      The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e.      The right to confront and cross-examine witnesses against Defendant at trial;

f.      The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g.      The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h.      The right to appeal a finding of guilt or any pretrial rulings.

6.      **United States Sentencing Guidelines**.  Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including:  (1) the nature and circumstances of the offense; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records.  Accordingly, Defendant understands and acknowledges that:

Plea Agreement - 4
*U.S. v. Sullivan*, CR18-5273BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a.    The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7.    **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8.    **Statement of Facts.** The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offenses:

In July 2017 and again in November 2017, in Cowlitz County, SEAN D. SULLIVAN knowingly and intentionally possessed different matter that he knew contained visual depictions of actual minors engaged in sexually explicit conduct. Among these visual depictions are the images described below:

**1339857_0.jpg:** This image depicts an early pubescent female under the age of thirteen lying on her back. The child is wearing a blue shirt that has lace transparent stripes. The child's breasts are clearly visible through the lace stripes. The child has minimal breast development. The child is nude from the waist down except for knee high socks. She has her legs bent at the knees and spread apart exposing her vagina. The child has no visible pubic hair. There is a nude adult male kneeling between the child's legs and he has his erect penis inserted into her vagina.

**ecd69c9b8e95fb186c243cb0581fff7f21ec65f9.jpg:** This image depicts a nude early pubescent female under the age of fifteen lying on her back on a patterned sofa. The child has minimal breast development and minimal pubic hair. The

child's legs are spread apart and her left leg is pulled    back and appears to be bent at the knee.  There is a nude adult male inserting his        erect penis into the child's vagina.

Each of the visual depictions possessed by SULLIVAN was produced using material that had been shipped or transported in interstate or foreign commerce or previously shipped in interstate or foreign commerce.

SULLIVAN acknowledges that the digital devices identified below in Paragraph 12 were used to facilitate the crimes to which he is pleading guilty by allowing him to access or store visual depictions of minors engaged in sexually explicit conduct.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9.      **Agreed Recommendation Regarding Imprisonment**.   Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties agree to recommend a total term of imprisonment that is between 72 months and 120 months.  Defendant understands that these recommendations are not binding on the Court and the Court may reject the recommendations of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law.   Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court.   Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

10.      **Acceptance of Responsibility.**   At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG § 3E1.1(a) and (b), because

1   Defendant has assisted the United States by timely notifying the United States of

2   Defendant's intention to plead guilty, thereby permitting the United States to avoid

3   preparing for trial and permitting the Court to allocate its resources efficiently.

4        11.   **Restitution.**  Defendant agrees that the Court can order Defendant to pay

5   restitution to the victims of Defendant's crimes and, in exchange for the agreements by

6   the United States contained in this plea agreement, Defendant agrees that restitution in

7   this case should not be limited to the offense of conviction.  Defendant is aware that the

8   United States will present evidence supporting an order of restitution for all losses caused

9   by all of Defendant's criminal conduct known to the United States at the time of

10  Defendant's guilty plea to include those losses resulting from crimes not charged or

11  admitted by Defendant in the Statement of Facts or counts to be dismissed as part of this

12  Plea Agreement, including Count 1 of the Indictment.  In exchange for the promises by

13  the United States contained in this plea agreement, Defendant agrees that Defendant will

14  be responsible for any order by the District Court requiring the payment of restitution for

15  such losses.

16       a.   The full amount of restitution shall be due and payable immediately

17  on entry of judgment and shall be paid as quickly as possible.  If the Court finds that the

18  defendant is unable to make immediate restitution in full and sets a payment schedule as

19  contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule

20  represents a minimum payment obligation and does not preclude the U.S. Attorney's

21  Office from pursuing any other means by which to satisfy the defendant's full and

22  immediately-enforceable financial obligation, including, but not limited to, by pursuing

23  assets that come to light only after the district court finds that the defendant is unable to

24  make immediate restitution.

25       b.   . Defendant agrees to disclose all assets in which Defendant has any

26  interest or over which Defendant exercises control, directly or indirectly, including those

27  held by a spouse, nominee, or third party.  Defendant agrees to cooperate fully with the

28  United States' investigation identifying all property in which Defendant has an interest

Plea Agreement - 7
*U.S. v. Sullivan*, CR18-5273BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

and with the United States' lawful efforts to enforce prompt payment of the financial

obligations to be imposed in connection with this prosecution.  Defendant's cooperation

obligations are:  (1) before sentencing, and no more than 30 days after executing this Plea

Agreement, truthfully and completely executing a Financial Disclosure Statement

provided by the United States Attorney's Office and signed under penalty of perjury

regarding Defendant's and Defendant's spouse's financial circumstances and producing

supporting documentation, including  tax returns, as requested; (2) providing updates

with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within

seven days of the event giving rise to the changed circumstances; (3) authorizing the

United States Attorney's Office to obtain Defendant's credit report before sentencing; (4)

providing waivers, consents or releases requested by the U.S. Attorney's Office to access

records to verify the financial information; (5) authorizing the U.S. Attorney's Office to

inspect and copy all financial documents and information held by the U.S. Probation

Office; (6) submitting to an interview regarding Defendant's Financial Statement and

supporting documents before sentencing (if requested by the United States Attorney's

Office), and fully and truthfully answering questions during such interview; and (7)

notifying the United States Attorney's Office before transferring any interest in property

owned directly or indirectly by Defendant, including any interest held or owned in any

other name, including all forms of business entities and trusts.

       c.     The parties acknowledge that voluntary payment of restitution prior

to the adjudication of guilt is a factor the Court considers in determining whether

Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).  In

addition, in any event, the government will consider Defendant's cooperation regarding

restitution in making its sentencing recommendation.

       12.    **Forfeiture**.  The Defendant understands that the forfeiture of property is

part of the sentence that must be imposed in this case. The Defendant agrees to forfeit to

the United States immediately his right, title, and interest in all property he used to

commit or to facilitate his commission of the identified offense, any proceeds of the

Plea Agreement - 8
*U.S. v. Sullivan*, CR18-5273BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  offense, and any data files consisting of or containing visual depictions within the

2  meaning of 18 U.S.C. § 2253(a)(1). All such property is forfeitable pursuant to Title 18,

3  United States Code, Section 2253(a), and includes but is not limited to:

4          a.     One Motorola G4 smartphone seized from SEAN D. SULLIVAN on

5  or about July 26, 2017; and

6          b.     One LG smartphone seized from SEAN D. SULLIVAN on or about

7  November 20, 2017.

8       The Defendant agrees to fully assist the United States in the forfeiture of this

9  property and to take whatever steps are necessary to pass clear title to the United States,

10  including but not limited to: surrendering title and executing any documents necessary to

11  effect forfeiture; assisting in bringing any property located outside the United States

12  within the jurisdiction of the United States; and taking whatever steps are necessary to

13  ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or

14  otherwise made unavailable for forfeiture. The Defendant agrees not to file a claim to this

15  property in any federal forfeiture proceeding, administrative or judicial, that may be or

16  has been initiated, or to otherwise contest any federal forfeiture proceeding that may be

17  or has been initiated. The Defendant also agrees he will not assist any party who may file

18  a claim to this property in any federal forfeiture proceeding.

19       The United States reserves its right to proceed against any remaining property not

20  identified in this Plea Agreement, including any property in which Defendant has any

21  interest or control, if the Defendant used that property to commit or to facilitate his

22  commission of the identified offense.

23       13.    **Abandonment of Non-Contraband Data Files.**  The Defendant abandons

24  any interest he may have in any non-contraband data files contained on the electronic

25  devices identified in Paragraph 13, and he consents to the federal administrative

26  disposition of those data files, including their destruction.

27       14.    **Registration as a Sex Offender.**  Defendant stipulates and agrees that

28  based on the Sex Offender Registration and Notification Act, Title 42, United States

Plea Agreement - 9
*U.S. v. Sullivan*, CR18-5273BHS

1   Code, Section 16911 et seq., he is entering a plea of guilty to a sex offense and is a sex

2   offender as those terms are defined in the Act.  The Defendant further agrees that

3   pursuant to the Act, he is required to register as a sex offender, and keep the registration

4   current, in each jurisdiction where the Defendant resides, is an employee, and is a

5   student.  The Defendant further agrees that for initial registration purposes only, the

6   Defendant is required also to register in the jurisdiction in which the Defendant is

7   convicted if such jurisdiction is different from the jurisdiction of residence.

8        15.    **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement,

9   the United States Attorney's Office for the Western District of Washington agrees not to

10  prosecute Defendant for any additional offenses known to it as of the time of this Plea

11  Agreement based upon evidence in its possession at this time, and that arise out of the

12  conduct giving rise to this investigation.  In this regard, Defendant recognizes the United

13  States has agreed not to prosecute all of the criminal charges the evidence establishes

14  were committed by Defendant solely because of the promises made by Defendant in this

15  Plea Agreement.  Defendant agrees, however, that for purposes of preparing the

16  Presentence Report, the United States Attorney's Office will provide the United States

17  Probation Office with evidence of all conduct committed by Defendant.

18        Defendant agrees that any charges to be dismissed before or at the time of

19  sentencing were substantially justified in light of the evidence available to the United

20  States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

21  with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119

22  (1997).

23        16.    **Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that, if

24  Defendant breaches this Plea Agreement, the United States may withdraw from this Plea

25  Agreement and Defendant may be prosecuted for all offenses for which the United States

26  has evidence.  Defendant agrees not to oppose any steps taken by the United States to

27  nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

28  Agreement.  Defendant also agrees that, if Defendant is in breach of this Plea Agreement,

Plea Agreement - 10
*U.S. v. Sullivan*, CR18-5273BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Defendant has waived any objection to the re-institution of any charges that previously

2    were dismissed or any additional charges that had not been prosecuted.

3          Defendant further understands that if, after the date of this Plea Agreement,

4    Defendant should engage in illegal conduct, or conduct that violates any conditions of

5    release or the conditions of confinement (examples of which include, but are not limited

6    to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while

7    pending sentencing, and false statements to law enforcement agents, the Pretrial Services

8    Officer, Probation Officer, or Court), the United States is free under this Plea Agreement

9    to file additional charges against Defendant or to seek a sentence that takes such conduct

10   into consideration by requesting the Court to apply additional adjustments or

11   enhancements in its Sentencing Guidelines calculations in order to increase the applicable

12   advisory Guidelines range, and/or by seeking an upward departure or variance from the

13   calculated advisory Guidelines range.  Under these circumstances, the United States is

14   free to seek such adjustments, enhancements, departures, and/or variances even if

15   otherwise precluded by the terms of the Plea Agreement.

16         17.    **Waiver of Appellate Rights and Rights to Collateral Attacks.**

17   Defendant acknowledges that, by entering the guilty plea required by this Plea

18   Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any

19   pretrial rulings of the Court, and any rulings of the Court made prior to entry of the

20   judgment of conviction.  Defendant further agrees that, provided the Court imposes a

21   custodial sentence that does not exceed 120 months, Defendant waives to the full extent

22   of the law:

23         a.    Any right conferred by Title 18, United States Code, Section 3742,

24   to challenge, on direct appeal, the sentence imposed by the Court, including any fine,

25   restitution order, probation or supervised release conditions, or forfeiture order (if

26   applicable); and

27

28

Plea Agreement - 11
*U.S. v. Sullivan*, CR18-5273BHS

b.      Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation; and

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

18.      **Voluntariness of Plea**.  Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

19.      **Statute of Limitations**.  In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

20.      **Completeness of Agreement**.  The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter.  This Agreement binds only the United States Attorney's Office for the Western District of Washington.  It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Plea Agreement - 12
*U.S. v. Sullivan*, CR18-5273BHS

Dated this 26th day of July, 2021.

_____
SEAN D SULLIVAN
Defendant

_____
PHIL BRENNAN
Attorney for Defendant

*s/ Matthew P. Hampton* for
_____
GRADY J. LEUPOLD
Assistant United States Attorney

*s/ Matthew P. Hampton*
_____
MATTHEW P. HAMPTON
Assistant United States Attorney

Plea Agreement - 13
*U.S. v. Sullivan*, CR18-5273BHS